```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                           :
VASHON RENEE McINTYRE, et al.,             :    CASE NO. 1:21 CV 1685
                                           :
         Plaintiffs,                       :
                                           :
vs.                                        :    OPINION & ORDER
                                           :
BRET HUBERT PARDON, et al.,                :
                                           :
         Defendants.                       :
                                           :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Introduction and Background**

Vashon Renee McIntyre ("plaintiff") filed a *pro se* complaint in this action on behalf of herself and her minor child in the District Court for the Southern District of New York. (Doc. 2.) The action was transferred here.

Plaintiff's twelve-page complaint is incomprehensible. She sues over thirty defendants, including numerous government entities, social service agencies, and officials in Ohio and New York, as well as private individuals and entities, apparently in connection with her treatment and the treatment and custody of her minor son. Plaintiff McIntyre contends Defendant Bret Hubert Pardon was granted sole physical custody of her son in Cuyahoga County Juvenile Court in 2020, and that "all listed defendants knowingly conspired in the acts of Human Child Sex Trafficking" of her son and committed other crimes and torts against him. (*Id*. at 2.) Her complaint describes crimes and torts, including "benefitting from human child sex trafficking," coercion, conspiracy, grand larceny, child abuse, failing to report child abuse, negligence, negligent infliction of emotional distress, piracy, violation of Megan's law, and theft by deception. (*Id*. at 1.) Plaintiff

Case No.
Gwin, J.

appears to seek damages and that her son be immediately removed from the household of Mr. Pardon.

With her complaint, plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 1.) That motion is granted. For the reasons stated below, however, her complaint is dismissed.

### Standard of Review and Discussion

Under 28 U.S.C. § 1915(e)(2)(B), district courts are required to screen all *in forma pauperis* complaint filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds that the plaintiff's complaint must be summarily dismissed.

First, any claim the plaintiff purports to bring on behalf of her minor child is barred. The Sixth Circuit has explained that, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id*. "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *see also Grappell v. Carvalho*, 847 Fed. Appx 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents").

Case No.
Gwin, J.

Even a liberal reading of plaintiff's complaint does not reveal any claim that plaintiff is permitted to prosecute on behalf of her minor child. Accordingly, the complaint will be dismissed without prejudice to the extent plaintiff brings it on behalf of her child. *See McCoy v. Akron Police Dept.*, No. 5:21-cv-51, 2021 WL 1857119, at * 1 (N.D. Ohio May 10, 2021) (Adams, J.) (parents may not "bring claims on behalf of their minor children unless they are represented by an attorney" and, because the parents here "are not represented by an attorney at this time, the complaint will be dismissed without prejudice to the extent it is brought on behalf of minor children").

Second, plaintiff's complaint must be dismissed to the extent she purports to assert claims against the defendants on her own behalf. When a plaintiff is proceeding without the assistance of counsel, a court is required to construe the complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even a *pro se* plaintiff must satisfy basic pleading requirements, and courts are not required to conjure allegations on a *pro se* litigant's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The plaintiff's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, the complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Case No.
Gwin, J.

Even accorded the deference to which a *pro se* pleading is entitled, plaintiff's complaint fails to meet these basic pleading requirements. Plaintiff purports to sue over thirty defendants, but her complaint fails to set forth cogent factual allegations of misconduct as to each defendant, or tie each defendant's conduct to specific causes of action. Her unclear, general, and purely conclusory allegations and accusations of child abuse, sex trafficking, conspiracy, and other misconduct regarding her minor child are insufficient to suggest she has any plausible federal civil claim against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Bishop v. Romer*, Nos. 98-1294, 98-1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (affirming dismissal where complaint "consist[ed] of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims").

Further, criminal statutes generally do not confer a private right of action and courts do not "routinely, imply private rights of action in favor of the victims of violations of criminal laws." *Ohlendorf v. United Food & Commercial Workers International Union*, Local 876, 883 F.3d 636, 642 (6th Cir. 2018). Plaintiff's conclusory and convoluted allegations are insufficient to suggest she has any plausible claim under any of the criminal laws and statutes she invokes in her complaint.

**Conclusion**

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to any claims asserted on behalf of a minor child. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Case No.
Gwin, J.

      IT IS SO ORDERED.


Dated: November 30, 2021                 *s/ James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE